IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHAEL V. SUMPTER,                          3:10-CV-00085-BR

        Plaintiff,

                                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


TIM D. WILBORN
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

        Attorneys for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1  -  OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAVID R. JOHNSON**
**RICHARD RODRIGUEZ**
Special Assistants United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

      Attorneys for Defendant


**BROWN, Judge.**

      This matter comes before the Court on Plaintiff Michael V. Sumpter's Application for Fees (#19) in which he seeks $13,187.41 in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

      For the reasons that follow, the Court **GRANTS** Plaintiff's Application and **AWARDS** fees to Plaintiff in the amount of **$13,187.41.**


<u>**BACKGROUND**</u>

      Plaintiff filed his initial application for Disability Insurance Benefits (DIB) on June 18, 2001.  His application was denied initially and on reconsideration.  On April 25, 2003, an Administrative Law Judge (ALJ) issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.

      On review the Appeals Council vacated the ALJ's decision and

2  -  OPINION AND ORDER

remanded the matter for further proceedings consistent with its Order.

On December 18, 2004, an ALJ issued an opinion and found Plaintiff is not disabled and, therefore, is not entitled to benefits.  That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

While the Appeals Council decision was pending, Plaintiff filed a new application for DIB on April 25, 2005, which was denied initially and on reconsideration.

On December 9, 2005, Plaintiff sought review of the Commissioner's decision as to Plaintiff's second application for DIB in the District Court for the District of Oregon.

On May 31, 2007, the Court remanded the matter for further administrative proceedings and noted:

> This matter has dragged on for five years, with a record spanning over 1100 pages.  The government now wants the matter remanded for a third hearing.  The Administrative Law Judge ("ALJ") made numerous errors during the prior two proceedings.  The Magistrate Judge's Findings and Recommendation catalog at least 14 errors the ALJ made in the most recent decision alone.
>
> Even that analysis appears overly generous to the ALJ.  The Ninth Circuit looks with disfavor on this "heads we win, tails, let's play again" approach to disability adjudications.  *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004).  I will adopt the Magistrate Judge's recommendation and reluctantly remand the matter one final time --but it is the final remand.  If this matter

> returns, the court will resolve the matter, one
> way or another.

Tr. 1194-95 (footnote omitted).

On July 22, 2007, the Appeals Council vacated the ALJ's December 18, 2004, decision; ordered an ALJ to hold another hearing; and consolidated Plaintiff's applications for DIB.  On April 14, 2009, an ALJ held a hearing.  On September 30, 2009, the ALJ issued an opinion and found Plaintiff is not disabled and, therefore, is not entitled to benefits.  That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

On January 28, 2010, Plaintiff sought review of the Commissioner's decision in this Court.

On February 4, 2011, this Court issued an Opinion and Order remanding this matter to the Commissioner for the immediate award of benefits on the ground that the ALJ erred when he failed to provide legally sufficient reasons for not crediting the opinions of Susan P. Smith, M.D.; Thomas P. Carr, M.D.; Gary Sacks, Ph.D.; and Karen Bates-Smith, Ph.D.  The Court found those opinions, when properly credited, establish Plaintiff is disabled and entitled to benefits.  On February 4, 2011, the Court also entered a Judgment remanding the matter for an immediate award of benefits.

On May 4, 2011, Plaintiff filed an Application for Fees pursuant to EAJA.

4  -  OPINION AND ORDER

## STANDARDS

Under EAJA the Court may award attorneys' fees to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based on both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The

5 - OPINION AND ORDER

Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## DISCUSSION

Plaintiff seeks $13,187.41 in attorneys' fees for 75.30 hours of work performed by two attorneys:  Tim Wilborn and Betsy Stephens.  It is not disputed that Plaintiff is a prevailing party under EAJA.

Plaintiff contends in his Application for Fees that he is entitled to attorneys' fees at the rates specified in EAJA because the government's positions were not substantially justified.  In his Reply, however, Plaintiff asserts the Court should award him attorneys' fees at the market rate because "the Commissioner's position in these proceedings has been based on bad faith."

Defendant, in turn, contends his positions were substantially justified and taken in good faith.

## I.    Substantial Justification.

Plaintiff contends Defendant's positions as to the opinions of Drs. Smith, Carr, Sacks, and Bates-Smith were not substantially justified.

Defendant maintains his positions were substantially justified as to these doctors because an ALJ may discount medical opinion evidence that is based on properly rejected subjective complaints of the claimant.  The Court, however, notes the record reflects those doctors based their opinions on their own observations and objective medical evidence rather than

Plaintiff's subjective complaints.

Defendant also contends his positions were substantially justified because when Plaintiff asserted the ALJ erred by rejecting the opinions of Drs. Smith, Carr, Sacks, and Bates-Smith, Defendant "responded that an ALJ may discount medical opinion evidence based upon . . . inconsistencies between a doctor's assessment of claimant's abilities and their clinical notes."  Even though Defendant correctly cited the law related to rejection of medical-opinion evidence, however, that law did not apply to the particular facts of this case.  As the Court noted with respect to Dr. Smith:

> The ALJ concluded Dr. Smith's treatment records do not reflect Plaintiff suffered side effects from his medication.  Dr. Smith's treatment notes, however, indicate otherwise. . . .  [I]n light of the record as a whole, the ALJ's reliance on a few of Dr. Smith's many progress reports in which she states Plaintiff did not report any current side effects is not a clear and convincing basis for rejecting Dr. Smith's conclusions.
>
> * * *
>
> The ALJ did not identify any evidence in the record that indicates Dr. Smith is not capable of assessing Plaintiff's physical impairments or that undermines that portion of Dr. Smith's opinion. In any event, in light of Dr. Smith's coordination of Plaintiff's treatment with Dr. Carr, the ALJ's unsupported assertion that Dr. Smith is somehow unqualified to consider and to assess the combined effect of Plaintiff's physical impairments and resulting pain with his psychological impairments is not a clear and convincing basis for rejecting Dr. Smith's opinion.

Opin. and Order at 16-18 (issued Feb. 4, 2011).

8  -  OPINION AND ORDER

Defendant also asserts his positions were substantially justified because when Plaintiff asserted the ALJ erred by rejecting the opinions of Drs. Smith, Carr, Sacks, and Bates-Smith, Defendant "responded that an ALJ may discount medical opinion evidence based upon . . . activities of daily living that were inconsistent with other medical evidence." Once again, although Defendant properly cited the law related to rejection of medical-opinion testimony based on a plaintiff's activities of daily living, Defendant did not properly apply the law to these facts. As the Court explained:

> The Court notes, however, that the ALJ has identified isolated events in a record that spans eight years and nearly 3,000 pages. Moreover, these activities reported by Plaintiff do not demonstrate Plaintiff has abilities that transfer to a work setting. In addition, Plaintiff does not have to prove that he is fully incapacitated to be disabled within the meaning of the Act. *See Smolen*, 80 F.3d at 1284 n.7. In fact, the overwhelming weight of the medical evidence in the record supports Dr. Smith's conclusion that Plaintiff suffers [from disabling impairments].

Opin. and Order at 21.

On this record the Court finds Defendant's positions were without substantial justification. *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.")(emphasis added).

**II. Bad Faith.**

As noted, Plaintiff contends in his Reply that Defendant

9 - OPINION AND ORDER

acted in bad faith when he took his positions as to the opinions of Drs. Smith, Carr, Sacks, and Bates-Smith.  In support of his contention, Plaintiff notes Judge Owen M. Panner's admonishment to Defendant in his May 31, 2007, Opinion and Order that "[t]he Magistrate Judge's Findings and Recommendation catalog at least 14 errors the ALJ made in the most recent decision alone.  Even that analysis appears overly generous to the ALJ" (emphasis in original).  Plaintiff asserts it is "bad faith for the agency now to argue that the agency's decision was substantially justified, based on an assertion that the Commissioner's attorney <u>raised</u> certain arguments during merits briefing without bothering to mention that this Court expressly <u>rejected</u> those arguments" (emphasis in original).

Although it is a close call in a matter that has been pending for ten years and has been remanded by both the Appeals Council and this Court, the Court concludes Plaintiff has not established that the Defendant's positions in this matter were vexatious, "intentional factual distortions," or otherwise intended to oppress Plaintiff or to cause him unnecessary delay in receiving benefits.  Thus, the Court declines to award EAJA fees that exceed the EAJA-mandated rate based on bad faith.

**III. Reasonableness of the Attorneys' Fee Request by Plaintiff.**

Absent an award of the "bad faith rate," Plaintiff seeks a total of $13,187.41 in fees at hourly rates of $172.24 for time

expended in 2009, $175.06 for time expended in 2010, and $177.96 for time expended in 2011.  The rates sought by Plaintiff are within the statutory cap on hourly rates provided for under EAJA, and Defendant does not object to these hourly rates. Accordingly, the Court concludes the hourly rates sought by Plaintiff are reasonable.

Defendant, however, objects to the number of hours for which Plaintiff seeks attorneys' fees.  Defendant asserts this matter did not involve any particularly complex legal issues or matters of first impression, and "there is some consensus among the district courts that 20-40 hours is a reasonable amount of time to expend on a social security case that does not present particular difficulty."  Defendant contends 42 rather than 75.3 hours is a reasonable amount of time.

Although this case did not involve particularly complex legal issues or matters of first impression, this matter was factually complex and had a lengthy procedural history.  As a result, the record was nearly 3,000 pages.  As Plaintiff notes, it would take more than 45 hours merely to review the record even if counsel read the record as quickly as one page per minute. Attorney Stephens reviewed and outlined the record in 42.5 hours. Moreover, Judge Panner made clear in his May 2007 Opinion and Order that this was to be "the final remand" and advised the parties that "[i]f this matter return[ed], the court [would]

11 -  OPINION AND ORDER

resolve the matter, one way or another." Accordingly, Plaintiff had to be extremely thorough in his presentation to the Court.

In addition, Defendant does not identify any specific entry that contains time not reasonably expended on a particular task. Defendant asks the Court to merely make an across-the- board cut in Plaintiff's hours.

Finally, courts in this District have found a similar number of hours to be reasonable in cases involving similar factually complicated and lengthy records. *See, e.g., Aranda v. Astrue*, No. 08-CV-340-MA, 2011 WL 2413996 (D. Or. June 8, 2011)(65.25 hours expended before appeal to the Ninth Circuit was reasonable); *Gunderson v. Astrue*, No. 08-CV-183-BR, 2010 WL 4687642 (D. Or. Nov. 10, 2010)(68.3 hours expended was reasonable); *Bakewell v. Astrue*, No. 07-CV-1295-BR, 2010 WL 3522379 (D. Or. Sept. 8, 2010)(72.30 hours expended was reasonable).

The Court concludes on this record that the length of the litigation, the successful efforts by Plaintiff's attorney on behalf of Plaintiff, and Plaintiff's submissions in support of her Application for Fees, establish Plaintiff's request for attorneys' fees is reasonable at the EAJA-mandated rates.

Accordingly, the Court awards Plaintiff a total of $13,187.41 in attorneys' fees pursuant to EAJA.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Application for Fees (#19) pursuant to EAJA and **AWARDS** Plaintiff attorneys' fees in the amount **$13,187.41**.

IT IS SO ORDERED.

DATED this 19th day of August, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District

13 -  OPINION AND ORDER